**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| K.MIZRA LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2-21-cv-00241 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| AT&T CORP., AT&T COMMUNICATIONS | ) | |
| LLC, AT&T MOBILITY, AT&T MOBILITY | ) | |
| II LLC, and AT&T SERVICES INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff K.Mizra LLC ("K.Mizra") files this Complaint against Defendants AT&T Corp.,

AT&T Communications LLC, AT&T Mobility, AT&T Mobility II LLC, and AT&T Services Inc.

(collectively, "AT&T").

## NATURE OF THE CASE

1.     This is an action for the infringement of United States Patent No. 8,958,819 (the

"`819 Patent" or "the Patent-in-Suit").

2.     Defendant AT&T has been infringing the `819 Patent in violation of 35 U.S.C.

§ 271 by using mobile location servers in its cellular telecommunications networks.

3.     Plaintiff K.Mizra seeks appropriate damages and prejudgment and post-judgment

interest for AT&T's infringement of the Patent-in-Suit.

## THE PARTIES

4.     Plaintiff K.Mizra is a Delaware limited liability corporation with its principal place

of business at 77 Brickell Avenue, #500-96031, Miami, Florida 33131. K.Mizra is the assignee

and owner of the Patent-in-Suit.

5.    Defendant AT&T Corp. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at One AT&T Way, Bedminster, NJ 07921-0752.

6.    Defendant AT&T Communications, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 295 North Maple Ave., Basking Ridge, NJ 07920.

7.    Defendant AT&T Mobility, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, GA 30319.

8.    Defendant AT&T Mobility II, LLC, is a corporation established under the laws of the State of Delaware, with its principal place of business at 1025 Lenox Park Blvd NE, Rm A325, Brookhaven, GA 30319.

9.    Defendant AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 175 East Houston Street, San Antonio, TX 78205

10.    On information and belief, AT&T's operations in the Eastern District of Texas are substantial and varied.

11.    AT&T operates one or more wireless telecommunications networks to provide wireless telecommunications services, including within the Eastern District of Texas, under brand names including but not limited to "AT&T."

12.    AT&T advertises that its 4G LTE and 5G Nationwide networks are available within the Eastern District of Texas.

13.    AT&T maintains multiple facilities in this judicial district. For example, there are numerous AT&T retail stores within this judicial district, including AT&T Stores at 190 E Stacy Rd Suite 214, Allen, TX 75002; 1103 E Tyler St, Athens, TX 75751; 4460 Dowlen Rd, Beaumont, TX 77706; 351 TX-243 Suite 200, Canton, TX 75103; 2520 W University Dr Suite 1180, Denton, TX 76201; 3551 Preston Rd, Frisco, TX 75034; 1214 US-259 Suite 102, Kilgore, TX 75662; 318 N Main St Suite B, Lindale, TX 75771; 109 W Loop 281, Longview, TX 75605; 1712 E Grand Ave, Marshall, TX 75670; 3402 North St, Nacogdoches, TX 75965; 1335 S Broadway St Suite 10, Sulphur Springs, TX 75482; 5112 Summerhill Rd, Texarkana, TX 75503; and 4757 S Broadway Ave, Tyler, TX 75703. These stores are physical places within the district and are AT&T's regular and established places of business.

14.    AT&T further maintains a foundry within this judicial district in Plano, Texas, "encompassing all aspects of an industry environment – from manufacturing to distribution to retail" and enabling AT&T's customers "to test potential 5G solutions."[1] On information and belief, AT&T uses this foundry to design, test, use, and sell telecommunications services that infringe the Patent-in-Suit. This foundry is a physical place within the district and is AT&T's regular and established place of business.

15.    AT&T advertises that it is currently seeking to hire at least 22 positions in Plano, Texas, including, for example, "Senior-Solution Architect (Broadband or Wireless)," "Principal-Solution Architect (Broadband or Wireless)," "Senior Software Engineer," and "Principal Member of Technical Staff-Mobility Access and Architecture."

16.    By registering to conduct business in Texas and by maintaining facilities in at least the cities of Allen, Athens, Beaumont, Canton, Denton, Frisco, Kilgore, Lindale, Longview,

---

[1] AT&T Foundry Launches Innovation Space for Vertical Industries, Sept. 20, 2018, *available at* https://about.att.com/story/2018/plano_foundry.html (last visited Mar. 30, 2021).

Marshall, Nacogdoches, Plano, Sulphur Springs, Texarkana, and Tyler, AT&T has multiple regular and established places of business within the Eastern District of Texas.

## JURISDICTION AND VENUE

17.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

18.    This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

19.    This Court has personal jurisdiction over AT&T because, *inter alia*, AT&T has a continuous presence in, and systematic contact with, this District and has registered to conduct business in the state of Texas.

20.    AT&T has committed and continues to commit acts of infringement of K.Mizra's Patent-in-Suit in violation of the United States Patent Laws, and has used infringing products within this District. AT&T's infringement has caused substantial injury to K.Mizra, including within this District.

21.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1400 and 1391 because AT&T has committed acts of infringement in this District and maintains regular and established places of business in this District.

## THE `819 PATENT-IN-SUIT

22.    The `819 Patent is titled "Femto-Assisted Location Estimation in Macro-Femto Heterogeneous Networks" and was issued by the United States Patent Office to inventors Ke-Ting Lee, Po-Hsuan Tseng, Chien-Hua Chen, and Kai-Ten Feng.

23.    The `819 Patent issued on February 17, 2015. The earliest application related to the

`819 Patent was filed on December 11, 2012. A true and correct copy of the `819 Patent is attached as Exhibit A.

24.    K.Mizra is the owner of all right, title and interest in and to the `819 Patent with the full and exclusive right to bring suit to enforce the `819 Patent.

25.    The `819 Patent is valid and enforceable under the United States Patent Laws.

26.    The `819 Patent's invention offers technological solutions that address specific challenges grounded in mobile device location technology. The `819 Patent is directed to methods for locating mobile devices in heterogenous cellular telecommunications networks such as a Long Term Evolution (LTE) network comprising macro base stations and femto base stations. The location of a mobile phone device is of great importance to enabling various location-based services such as navigation and Enhanced 911 (E911) for emergency services. *See* `819 Patent at 1:20-55. Thus, mobile devices are regularly equipped with global positioning system (GPS) receivers to assist in locating the device. *Id*. In outdoor and line-of-sight (LOS) environments, GPS systems can determine the position of the mobile device with relatively accurate precision. *Id*. However, GPS systems are unable to locate the position of mobile devices with such accuracy in non-line-of sight (NLOS) environments such as inside buildings or environments with heavy obstruction by tall structures surrounding the devices. *Id*.

27.    With the advent of Long Term Evolution Advanced (LTE-A) cellular telecommunications systems to meet the growing demand of high data rates and internet usage on mobile devices, those systems also faced similar challenges with indoor environments and areas with heavy obstructions. *Id*. To mitigate wireless connectivity issues in such environments, LTE-A networks with macro base stations were augmented with femto base stations to provide increased network coverage for mobile devices. *Id*. These heterogenous networks that comprised

both macro base stations and femto base stations achieved far better network coverage indoors than networks with only macro base stations.

28.    The inventors of the `819 Patent believed that heterogenous networks could be leveraged to overcome the limitations of GPS systems for mobile devices in indoor or obstructed environments. *Id*. For example, the patent explained that the "development of mBS/fBS HetNet architectures can benefit many applications, such as LBS in indoor environments." *Id*. By incorporating both macro base stations and femto base stations in calculating the position of a mobile device, the `819 Patent achieves improved accuracy of the mobile device location compared to mobile positioning technology such as 2G/3G homogenous cellular networks. *Id*. at 5:3-15.

29.    In homogenous networks, macro base stations may be able to determine the position of the mobile device with a fair amount of accuracy, but those also suffer from similar limitations as with GPS systems in indoor or obstructed environments due to poor network coverage. *Id*. at 5:15-33. The `819 Patent overcomes those limitations with assistance from femto base stations, which "can offer more precise range information compared to mBS [macro base stations] because they can suffer from less attenuation of transmitted signals where there is less interfering materials between the fBS [femto base stations] and the UE [mobile devices] as compared to between a [macro base station] and the [mobile device]." *Id*.

30.    The inventors of the `819 Patent further enhanced the precision of locating mobile devices in a heterogenous network by applying particle filtering techniques with the information relating to the mobile device, the macro base stations, and femto base stations. *See, e.g.*, *id*. at 5:34-67, 6:46-62, 12:51-13:25, 19:18-21:3. By implementing the particle filter, the `819 Patent overcomes further uncertainties related to, for example, the statistical distribution of the mobile

device's position data as well as femto base station position data, thereby improving the accuracy for locating the mobile device. *Id*.

31.     Thus, the inventions of the `819 Patent solve technological problems with non-abstract, technological solutions that improve the performance of mobile device location systems in cellular telecommunication networks. The claims of the `819 Patent recite methods that are not merely the routine or conventional use of generic computers, nor can they be performed by a human. Rather, the claims of the `819 Patent are directed to particularized implementations of cellular telecommunication network equipment and operating software.

## CAUSE OF ACTION
## (PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE `819 PATENT)

32.     K.Mizra re-alleges and incorporates by reference all of the foregoing paragraphs.

33.     On information and belief, AT&T owns, deploys, operates, maintains, tests, and uses the AT&T LTE and 5G Networks which include location servers that perform mobile location service and positioning functionality as a part of its wireless communication services. AT&T's mobile location services infrastructure is instrumental in pinpointing a mobile user's location for the provision of a myriad of location-based services ("LBS") such as E911, location-based mobile applications, proximity-based marketing, roadside assistance, and the like. Both providers of these services and AT&T's mobile customers critically rely on AT&T's infrastructure for accurately locating mobile phones.

34.     AT&T's mobile location services infrastructure incorporates and/or utilizes location server equipment and operating software such as AT&T's Enhanced Serving Mobile Location Center ("E-SMLC"), Serving Mobile Location Centers ("SMLC"), Secure User Plane Location Platform ("SLP"), and Location Management Function ("LMF"). These mobile location servers communicate with reachable base stations in the AT&T network, each of which are

typically referred to as an eNodeB or eNB in AT&T's 4G LTE network or ng-eNB or gNB in AT&T's 5G network. Moreover, such 4G and 5G base stations and femto base stations perform eNB or gNB functionality according to the 3GPP Standards.

35.    On information and belief, AT&T has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims, including at least claim 30 of the `819 Patent in violation of 35 U.S.C. §§ 271 et seq. by determining location information of mobile devices on its cellular network through the utilization of its location server equipment and software that operate in accordance with its mobile positioning algorithms including certain aspects of cellular industry standards promulgated by the 3rd Generation Partnership Project (3GPP) and Open Mobile Alliance (OMA). Those standards include, for example, 3GPP TS 23.271 Release 16 ("TS 23.271"); UserPlane Location Protocol, Approved Version 2.0.4, Open Mobile Alliance ("OMA SUPL Specification"); 3GPP TS 38.305 Release 15 ("TS 38.305"); 3GPP TS 36.305 Release 16 ("TS 36.305"); 3GPP TS 36.455 Release 16 ("TS 36.455"); 3GPP TS 37.355 Release 16 ("TS 37.355"); and 3GPP TS 23.071 Release 16 ("TS 23.071").

36.    For example, claim 30 of the `819 Patent recites the following:

A method comprising:

[A] receiving femto base station timing information related to a user equipment;

[B] receiving macro base station timing information related to the user equipment;

[C] receiving particle information for a first set of particles corresponding to possible user equipment locations;

[D] receiving femto base station position information; and

[E] determining user equipment location information based on a first particle filtering for particle filtering the first set of particles based on the base station information.

*37.* On information and belief, and based on publicly available information, AT&T's location servers and related services satisfy each and every limitation of at least claim 30 of the `819 Patent by utilizing its E-SMLCs, SMLCs, SLPs, and/or LMF for the provision of its mobile location services. AT&T is and has been an active member of the Open Mobile Alliance (OMA) for more than a decade and uses equipment that implements a number of OMA standards related to mobile positioning including the OMA SUPL Specification. *See* http://omaspecworks.org/membership/current-members/ (last visited May 12, 2021), https://developer.att.com/technical-library/device-technologies/mobile-web-standards (last visited May 12, 2021). For example, AT&T provides its mobile subscribers with location services such as AT&T Secure Family. *See, e.g.,* Location tracking with AT&T Secure Family, https://www.att.com/support/article/wireless/KM1299008/ (last visited May 12, 2021). According to AT&T, "Secure Family can use your child's smartphone GPS and the cell towers in our network to track locations." *Id*. AT&T uses E-SMLCs in its network for the provision of location services. *See, e.g.,* http://www.volteroaming.com/wp-content/uploads/2020/01/VoLTE-Roaming-Voice-The-New-Digital-Divide-Read-Only.pdf at 29 (last visited May 12, 2021); *see also, e.g.*, OMA SUPL Specification (describing the SUPL functionality for determining mobile device location).

38. Also, according to the 3GPP Standard, the E-SMLC is responsible for calculating the final location and velocity estimate of the mobile device attached to the E-UTRAN (Evolved UMTS Terrestrial Radio Access Network). *See, e.g.*, TS 23.271 § 6.3.14. Similarly, the 3GPP Standard describes the LMF as the network element responsible for different location services for mobile devices, including positioning of the devices. *See, e.g.*, TS 38.305 § 5.1.

39. AT&T's mobile location services meet all the requirements of limitation A of claim

30. Limitation A requires the step of "receiving femto base station timing information related to a user equipment." On information and belief, AT&T's location servers determine location information of mobile devices by relying in part on femto base station timing information related to mobile devices in communication with femtocells in the AT&T network. For example, AT&T provides FemtoCell service to its subscribers. FemtoCells used by AT&T in its network include the Alcatel-Lucent 9363 Metro Cell and the Alcatel Lucent 9962 Metro Cell. *See e.g*, AT&T MetroCell User Guide *available at* https://www.business.att.com/content/dam/attbusiness/guides/att-metrocell-9363-user-guide.pdf (last visited May 12, 2021); AT&T MetroCell 9962 Installation Guide *available at* https://www.business.att.com/content/dam/attbusiness/guides/att-metrocell-9962-installation-guide.pdf (last visited May 12, 2021). By way of further non-limiting example, AT&T's E-SMLCs communicate with reachable base stations, which include femto base stations, in order to obtain base station timing information related to a mobile device. *See, e.g.*, TS 36.305 § 5.2; *see also, e.g.*, TS 36.455 §§ 7, 9. Therefore, AT&T's mobile location services meet limitation A of claim 30.

40.    AT&T's mobile location services also meet all the requirements of limitation B of claim 30. Limitation B requires the step of "receiving macro base station timing information related to the user equipment." As discussed above, AT&T's E-SMLCs communicate with reachable base stations, which also include macro base stations in order to obtain base station timing information related to a mobile device. *See, e.g.*, TS 36.305 § 5.2; *see also, e.g.*, TS 36.455 §§ 7, 9. As such, AT&T's mobile location services meet limitation B of claim 30.

41.    AT&T's mobile location services also meet all the requirements of limitation C of claim 30. Limitation C requires the step of "receiving particle information for a first set of particles

corresponding to possible user equipment locations." On information and belief, AT&T's location

server receives particle information for a set of particles corresponding to possible locations of a

mobile device. By way of non-limiting example, AT&T's location servers such as its E-SMLCs

receive possible locations corresponding to a mobile device as reported by the mobile device to

the location server in the *ProvideLocationInformation* message body shown below. *See, e.g.*, TS

37.355 § 6. Therefore, AT&T's mobile locations services meet limitation C of claim 30.

```
ASN1START

ProvideLocationInformation ::= SEQUENCE {
    criticalExtensions    CHOICE {
        c1                      CHOICE {
            provideLocationInformation-r9   ProvideLocationInformation-r9-IEs,
            spare3 NULL, spare2 NULL, spare1 NULL
        },
        criticalExtensionsFuture    SEQUENCE {}
    }
}

ProvideLocationInformation-r9-IEs ::= SEQUENCE {
    commonIEsProvideLocationInformation
                                    CommonIEsProvideLocationInformation OPTIONAL,
    a-gnss-ProvideLocationInformation    A-GNSS-ProvideLocationInformation    OPTIONAL,
    otdoa-ProvideLocationInformation    OTDOA-ProvideLocationInformation    OPTIONAL,
    ecid-ProvideLocationInformation    ECID-ProvideLocationInformation    OPTIONAL,
    epdu-ProvideLocationInformation    EPDU-Sequence    OPTIONAL,
    ...,
    [[
    sensor-ProvideLocationInformation-r13
                                    Sensor-ProvideLocationInformation-r13
                                                                    OPTIONAL,
    tbs-ProvideLocationInformation-r13    TBS-ProvideLocationInformation-r13    OPTIONAL,
    wlan-ProvideLocationInformation-r13   WLAN-ProvideLocationInformation-r13 OPTIONAL,
    bt-ProvideLocationInformation-r13    BT-ProvideLocationInformation-r13    OPTIONAL
    ]],
    [[ nr-ECID-ProvideLocationInformation-r16
                                    NR-ECID-ProvideLocationInformation-r16    OPTIONAL,
    nr-Multi-RTT-ProvideLocationInformation-r16
                                    NR-Multi-RTT-ProvideLocationInformation-r16 OPTIONAL,
    nr-DL-AoD-ProvideLocationInformation-r16
                                    NR-DL-AoD-ProvideLocationInformation-r16    OPTIONAL,
    nr-DL-TDOA-ProvideLocationInformation-r16
                                    NR-DL-TDOA-ProvideLocationInformation-r16    OPTIONAL
    ]]
}

-- ASN1STOP
```

42.    AT&T's mobile location services meet all the requirements of limitation D of claim

30. Limitation D requires the step of "receiving femto base station position information." On

information and belief, AT&T's location servers receive a reachable femto base station's position

information from the femto base station. For example, the E-SMLC communicates with reachable eNodeBs including femto base stations in order to obtain location information of the base station. *See, e.g.*, TS 36.455 §§ 7, 8.2, 9.2; *see also, e.g.*, TS 36.305 § 5.2.

43.     By way of further non-limiting example, a location server such as an E-SMLC may also receive position information of an eNodeB including femtocells from an AT&T database or data source containing known positions of eNodeBs. Also, for location services such as E911, AT&T's femto base stations are equipped with GPS receivers for reporting their position information to the location server. For example, AT&T's FemtoCell devices comprise network backhaul connections and a GPS receiver.  *See e.g*, AT&T MetroCell User Guide *available at* https://www.business.att.com/content/dam/attbusiness/guides/att-metrocell-9363-user-guide.pdf (last visited May 12, 2021);    AT&T MetroCell 9962 Installation Guide *available at* https://www.business.att.com/content/dam/attbusiness/guides/att-metrocell-9962-installation-guide.pdf (last visited May 12, 2021). GPS capability is for localization of the unit, which is required to comply with FCC Enhanced 911 (E911) regulations.  *Id*.  At setup, the user is required to enter the address at which the Femtocell is located in order to provide E911 services. *Id.* Therefore, AT&T's mobile location services meet limitation D of claim 30.

44.     AT&T's mobile location services also meet all the requirements of limitation E of claim 30. Limitation E requires the step of "determining user equipment location information based on a first particle filtering for particle filtering the first set of particles based on the base station information." On information and belief, AT&T's location server determines a mobile device's location based on a first particle filtering of the first set of particles based on the base station information that the location server received. For example, the location estimates of a fixed position mobile device involve a spread of estimates around the actual mobile device position,

having a statistical distribution. On information and belief, as estimated location samples or particles corresponding to mobile device location are continuously accumulated by AT&T's location server over time, the particles are filtered for determining the location of the mobile device. Thus, AT&T's mobile location services meet limitation E of claim 30.

45.    On information and belief, AT&T's network equipment receives and stores instructions for executing the of claim 30 as described in paragraphs 51-56 above.

46.    Accordingly, on information and belief, AT&T's mobile location services meet all the limitations of, and therefore infringe, at least claim 30 of the `819 Patent.

47.    AT&T has notice that it infringes at least claim 30 of the `819 Patent at least as of the service of this complaint. AT&T continues to infringe the `819 Patent based on the actions detailed above.

48.    As a result of AT&T's infringement of the `819 Patent, K.Mizra has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by AT&T's infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for AT&T's wrongful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, K.Mizra respectfully requests judgment against AT&T as follows:

A.    That the Court enter judgment for K.Mizra on all causes of action asserted in this Complaint;

B.    That the Court enter judgment in favor of K.Mizra and against AT&T for monetary damages to compensate it for AT&T's infringement of the Patent-in-Suit pursuant to 35 U.S.C. § 284, including costs and pre and post-judgment interest as allowed by law;

C.      That the Court enter judgment in favor of K.Mizra and against AT&T for accounting and/or supplemental damages for all damages occurring after any discovery cutoff and through the Court's entry of final judgment;

D.      That the Court adjudge AT&T's infringement of the Patent-in-Suit to be willful dated from the filing of this Complaint;

E.      That the Court enter judgment that this case is exceptional under 35 U.S.C. § 285 and enter an award to K.Mizra of its costs and attorneys' fees; and

F.      That the Court award K.Mizra all further relief as the Court deems just and proper.

## **JURY DEMAND**

K.Mizra requests that all claims and causes of action raised in this Complaint against AT&T be tried to a jury to the fullest extent possible.

DATED:   June 30, 2021

Respectfully submitted,

*/s/ Cristofer I. Leffler w/permission Andrea L. Fair*
Cristofer I. Leffler, WA Bar No. 35020-
**LEAD COUNSEL**
Cliff Win, Jr., CA Bar No. 270517
Folio Law Group PLLC
14512 Edgewater Lane NE
Lake Forest Park, WA 98155
Tel: (206) 512-9051
Email: cris.leffler@foliolaw.com
          cliff.win@foliolaw.com

Joseph M. Abraham, TX Bar No. 24088879
Law Office of Joseph M. Abraham, PLLC
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: (737) 234-0201
Email: joe@joeabrahamlaw.com

*Of Counsel:*

Andrea L. Fair
Texas Bar No. 24078488
Claire Abernathy Henry
Texas Bar No. 24053063
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Pkwy.
Longview, TX 75604
Tel: (903) 757-6400
Fax: (903) 757-2323
Email: andrea@wsfirm.com
Email: claire@wsfirm.com

**Counsel for Plaintiff K.Mizra LLC**